**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BENNETT ENGINEERING GROUP, INC.,**
**LAWRENCE E. BENNETT,**

      **Plaintiffs,**

-vs-                                     **Case No. 6:10-cv-1697-Orl-28GJK**

**ASHE INDUSTRIES, INC., SUNCOAST**
**ARCHITECTURE & ENGINEERING, LLC,**
**CLARK H. SCHERER, JR., G. MAURICE**
**BLAKEMAN,**

      **Defendants.**
_____

## ORDER

In this case, Plaintiffs allege that Defendants Ashe Industries, Inc. ("Ashe"), Suncoast Architecture & Engineering, LLC ("Suncoast"), Clark H. Scherer, Jr. ("Scherer"), and Maurice Blakeman ("Blakeman") (collectively "Defendants") infringed on copyrights owned by Plaintiff Bennett Engineering Group, Inc. ("BEG"). While Defendants concede that venue is proper in the Middle District of Florida, they seek to have this case transferred to the Tampa Division pursuant to 28 U.S.C. § 1404(a) and Middle District of Florida Local Rule 1.02(c).[1]  As

---

[1] This case is before the Court on the Motion to Reassign Divisions (Doc. 22) filed by Ashe and Suncoast, Motion to Transfer Venue to the Tampa Division of the Middle District of Florida (Doc. 23) filed by Scherer, Motion to Transfer Venue to the Tampa Division of the Middle District of Florida (Doc. 27) filed by Blakeman, and Plaintiffs' response thereto (Doc. 36). This order also addresses the Motion to Change Venue (Doc. 39) filed by Blakeman and Scherer after Plaintiffs filed their Amended Complaint, which advances the same arguments as those in Blakeman's and Scherer's previous motions.

discussed below, Defendants' motions must be granted.[2]

## I.  Background

Plaintiff Lawrence E. Bennett ("Bennett") is an engineer who specializes in the design of aluminum structures. (Am. Compl., Doc. 35, ¶¶ 13-15). As a part of his work, Bennett creates and maintains "aluminum structures design manuals" ("the Manuals"), (id. ¶ 16), and Bennett's company–BEG–owns the copyrights to the Manuals, (id. ¶18).

In 2008, BEG agreed to provide Ashe with portions of the Manuals for use by Ashe, (id. ¶ 19), and representatives of BEG, including Bennett, traveled to Ashe's offices in Tampa, Florida to explain how to use the Manuals, (id. ¶¶ 6, 21). Plaintiffs allege that Suncoast and Scherer subsequently submitted pages copied from the Manuals to the Indian River County, Florida Building Department ("IRBD"); that Suncoast and Blakeman submitted one such page to the Sarasota County, Florida Building Department ("SCBD"); and that these submissions infringed on BEG's copyright. (Id. ¶¶ 22, 25). Plaintiffs further allege that Suncoast, Ashe, and Scherer "acted in concert to create derivative works from, reproduce, display, and publicly distribute designs from the [Manuals]" in violation of BEG's copyright. (Id. ¶ 23). Plaintiffs also allegedly discovered "a number of copyrighted works belonging to BEG" on websites operated by Ashe. (Id. ¶ 36).

It is undisputed that all of the Defendants reside within the Tampa Division of the

---

[2] In the motions now before the Court Ashe also moves for a more definite statement, (Doc. 22), and all Defendants move to dismiss the claims against them, (Docs. 22, 23, 27). Because the Defendants' motions to transfer are granted, however, this Court does not address the motions insofar as they seek dismissal or a more definite statement.

Middle District of Florida and that Plaintiffs reside within the Orlando Division.[3] Plaintiffs filed suit in the Orlando Division of the Middle District of Florida, and Defendants request that this case be transferred to the Tampa Division of the Middle District of Florida.

## II. Legal Standard

Venue for "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights" is governed by 28 U.S.C. § 1400(a), which provides that such an action "may be instituted in the district in which the defendant or his agent resides or may be found." However, even if venue is proper where the action is filed, it is within the district court's discretion to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."[4] Id. § 1404(a). Furthermore, in the Middle District of Florida "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." M.D. Fla. Local Rule 1.02(c).

The decision to transfer a case pursuant to § 1404(a) should be based on "an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). The Eleventh Circuit has provided a list of nine factors that are relevant to such a

---

[3] Bennett and BEG are residents of Volusia County. Suncoast, Scherer and Blakeman are residents of Pinellas County, and Ashe is a resident of Hillsborough County. (Am. Compl. ¶¶ 2-3, 5-8; Doc. 22 at 3; Doc. 23 at 3 n.1; Doc. 27 at 3 n.1).

[4] It is undisputed that this case could have been brought in the Tampa Division of the Middle District of Florida.

decision:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

### III. Analysis

Factors five, six, and seven are not relevant to this case.[5] Furthermore, because all Defendants reside in the Tampa Division and all Plaintiffs reside in the Orlando Division, either Plaintiffs or Defendants will be inconvenienced to some degree; therefore, factor three does not weigh in either party's favor. The Court will only consider the remaining factors.

The first factor "pertains to the convenience of non-party witnesses" and "its significance is diminished when the witnesses . . . are employees of a party and their presence at trial can be obtained by that party." Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc., No. 8:10-CV-1013-T-27TGW, 2010 WL 5643471, at *3 (M.D. Fla. Nov. 3, 2010). Accordingly, the fact that Plaintiffs intend to call their employees as witnesses, (Pls.' Resp. at 3-4), carries little weight in this analysis. Additionally, the Tampa

---

[5]No party contends that it would be appreciably more expensive to litigate in one Division or the other, and therefore factor six–relative means–need not be considered. AGSouth Genetics, LLC v. Ga. Farm Servs., LLC, No. 3:09-CV-93 (CDL), 2009 WL 4893588, at *3 (M.D. Ga. Dec. 09, 2009). Similarly, no party argues that the availability of process to compel the attendance of unwilling witnesses is an issue in this case, and the Tampa Division and the Orlando Division are equally familiar with the governing law; therefore, factors five and seven are not applicable either.

Division is more convenient for the non-party witnesses at SCBD because it is located in the Tampa Division, and both forums are somewhat inconvenient for the non-party witnesses at IRBD, which is located in the Southern District of Florida.[6]

Factor four–the locus of operative facts–also indicates that the Tampa Division is the more convenient forum. This factor carries greater weight when deciding a motion to transfer to another Division within the Middle District of Florida, as evidenced by Local Rule 1.02(c)'s requirement that actions be brought in the "Division encompassing the county or counties having the greatest nexus with the cause."

In deciding the proper venue, "only the events that directly give rise to a claim are relevant." Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003). Plaintiffs allege copyright infringement, which requires proof of "ownership of a valid copyright" and "copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Although Plaintiffs do not specifically allege where the purported copying took place, it can be inferred that it occurred at least partly in the Tampa Division because that is where Defendants reside and where Plaintiffs delivered the Manuals to Ashe. Additionally, the submission of the allegedly copied pages to SCBD occurred in the Tampa Division. On the other hand, none of the events that directly give rise to the copyright infringement claim is alleged to have occurred in the Orlando Division, which

---

[6]Plaintiffs argue that the Orlando Division is more convenient for the employees at IRBD because "Indian River County is located two and three-quarter hours from the Tampa Division and only one and three-quarter hours from the Orlando Division." (Pls.' Resp. at 3). However, an estimated one-hour difference is not significant enough to outweigh the convenience to the non-party witnesses located in the Tampa Division.

indicates that the Tampa Division has "the greatest nexus with the cause." M.D. Fla. Local Rule 1.02(c).

In addition, because the locus of operative facts is in the Tampa Division, "any documents and other sources of proof relevant to demonstrating Defendants' alleged acts of infringement likely will be found [in that Division]." AGSouth Genetics, LLC v. Ga. Farm Servs., LLC, No. 3:09-CV-93 (CDL), 2009 WL 4893588, at *3 (M.D. Ga. Dec. 09, 2009). The fact that some documents necessary to establish BEG's ownership of the Manuals may be located in the Orlando Division is not enough to make this factor weigh in favor of the Orlando Division because "those documents should be provided to Defendants through discovery, and there is no reason to believe that those documents could not be easily transported" to the Tampa Division from the Orlando Division. Id.

Furthermore, although the Plaintiffs' choice of forum should be given due consideration, it "is accorded lesser weight where the choice of forum lacks any significant connection with the underlying claim." Silong v. United States, No. 5:05-CV-55-OC-10GRJ, 2006 WL 948048, at *1 (M.D. Fla. April 12, 2006) (citations omitted). In sum, the totality of the circumstances indicates that the Tampa Division is the more convenient forum.

## IV. Conclusion

In accordance with the foregoing analysis, the Motion to Reassign Divisions (Doc. 22) filed by Ashe and Suncoast, the Motion to Transfer Venue to the Tampa Division of the Middle District of Florida (Doc. 23) filed by Scherer, the Motion to Transfer Venue to the Tampa Division of the Middle District of Florida (Doc. 27) filed by Blakeman, and the Motion to Change Venue (Doc. 39) filed by Blakeman and Scherer are **GRANTED insofar as they**

**seek a transfer** to the Tampa Division of the Middle District of Florida. The Motion to Strike Portion of Response to Motion to Reassign Divisions (Doc. 38) filed by Ashe and Suncoast is **DENIED as moot**. The Clerk is directed transfer this case to the Tampa Division of the Middle District of Florida and thereafter close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 8th day of March, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party